## L. T. LITTRELL v. STATE.

No. A-7765.  Opinion Filed April 11, 1931.
Rehearing Denied May 2, 1931.
(298 Pac. 308.)

C. W. Herod, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, hereinafter called defendant, was convicted on a charge of having possession of intoxicating liquor with intent to violate the prohibition laws of the state, and was sentenced to pay a fine of $150 and to be imprisoned in the county jail for 60 days.

The testimony in substance in this case shows that the defendant and another party were driving on one of the streets in the city of Woodward, Okla., and ran into another car, and the car in which they were driving was turned over.  A crowd assembled, and the city marshal appeared on the scene and arrested the defendant and took him to jail.  The testimony is conflicting as to whether or not the marshal placed the defendant under arrest on the charge of being intoxicated on a public street before he searched the car and found a jar of whisky or made the arrest after he had found the whisky in the de-

fendant's car. The city marshal testified that he arrested the defendant and the party with whom he had been driving for the reason that he was intoxicated on the public street, and then searched the car and found the whisky. Other testimony shows that he searched the car before he arrested the defendant. The record further shows that the next day the defendant entered a plea of guilty in the city court on a charge of being intoxicated.

Several errors have been assigned by the defendant, and some are argued at length. The defendant insists that the officer searched his car without any authority before he placed the defendant under arrest, and for that reason the case should be reversed, citing a number of authorities in support of his contention. The defendant's contention would be correct if the facts in the record sustained it, but they do not. It is clear from the record that the defendant admitted by the plea of guilty in the city court that he was on the public street of Woodward in an intoxicated condition, and the chief of police swears positively that he placed him under arrest before he searched the car. The defendant was accorded a fair and impartial trial. The evidence, though conflicting, is sufficient to sustain the judgment.

The case is affirmed.

CHAPPELL, J., concurs. EDWARDS, J., absent, not participating.